UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IGNACIO MARTINEZ PENALOZA (A-Number: 222-615-457),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-07430-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING HEARING WITHIN TEN (10) DAYS

Doc. 1

Petitioner Ignacio Martinez Penaloza is an immigration detainee proceeding with a petition for writ of habeas corpus. Doc. 1. The Court ordered respondent to show cause as to why the petition should not be granted. Doc. 8. Respondent acknowledges that the “detention authority in this case is 8 U.S.C. §1226(a)” and “does not oppose the Court ordering a bond hearing be set.” Doc. 10 at 1.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to provide petitioner Ignacio Martinez Penaloza (A-Number: 222-615-457) with a bond hearing before a neutral decisionmaker pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within ten (10) days of the date of this Order. Respondent shall immediately provide

petitioner with a copy of this Order and shall provide him with 72 hours' notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondent may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondent does not provide petitioner with a bond hearing within ten (10) days, then respondent must release him.[1]

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve California City Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: November 2, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.